Steven S. Tervooren
Hughes Bauman Pfiffner
 Gorski & Seedorf LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
(907) 274-7522

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU,<br><br>               Plaintiff,<br><br>vs.<br><br>GERLING AMERICA INSURANCE COMPANY,<br><br>               Defendant. | Case No. A05-163 CV (JKS)<br><br>**FIRST AMENDED ANSWER** |

COMES NOW Defendant Gerling America Insurance Company ("Gerling"), by and through its attorneys, HUGHES BAUMAN PFIFFNER GORSKI & SEEDORF LLC, and answers Plaintiff's Complaint as follows. References to paragraph numbers mirror those used in Plaintiff's Complaint.

        1.     Gerling admits the allegations contained in paragraphs 2, 5, 7, 9, 10, and 11 of Plaintiff's Complaint.

        2.     Gerling denies the allegations set forth in paragraphs 16, 18, 20, 21, 23, 26, and 27 of Plaintiff's Complaint.

3. Gerling lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 1, 8, 13, 14, 15, 19, and 24 of Plaintiff's Complaint and the same are therefore deemed denied.

4. With respect to paragraph 3 of Plaintiff's Complaint, Gerling admits that it is a corporation formed in the state of New York. It further admits, on information and belief, that the amount in controversy exceeds $75,000. It further admits, on information and belief, that Plaintiff is a corporation formed in the state of Wisconsin. As to the remaining allegation of proper jurisdiction, Gerling is without information sufficient to form a belief as to the truth or falsity of the allegation, and the same is therefore deemed denied. In particular, Gerling is without sufficient information to determine the principal place of business of plaintiff insofar as it impacts diversity jurisdiction. Gerling also reserves any argument concerning jurisdiction based upon attribution of citizenship to Plaintiff and/or Gerling on the basis of the citizenship of their insureds as provided in 28 USC §1332(c)(1).

5. With respect to paragraph 4 of the Complaint, Gerling does not object to venue in this Court if jurisdiction is determined to exist.

6. With respect to paragraph 6 of Plaintiff's Complaint, Gerling admits that it issued a policy generally as described. Gerling is without information sufficient to form a belief as to the truth or falsity of the allegations concerning the policy(ies) issued by Wausau and the same are therefore deemed denied.

7. With respect to paragraph 12 of Plaintiff's Complaint, Gerling admits only that it has not issued payment to Wausau or Steel Engineering for defense costs incurred or indemnity payments issued by Wausau on behalf of Steel Engineering in the Underlying Litigation, and denies all other allegations or inferences contained therein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the applicable statute(s) of limitation.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's action is barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are not recoverable against Gerling by virtue of Plaintiff's failure to mitigate.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages were, in whole or in part, caused by Plaintiff having elected to take positions and actions contrary to the interests of its insured, for which it is solely liable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages were, in whole or in part, incurred in paying defense expenses and/or indemnity not covered under the Gerling policy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages were, in whole or in part, incurred in paying defense expenses and/or indemnity as a volunteer, and as such plaintiff is barred from recovering from Gerling through contribution or subrogation.

## EIGHTH AFFIRMATIVE DEFENSE

Recovery against Gerling is barred pursuant to the notice, cooperation, and/or voluntary payments provisions and/or other Gerling policy provisions constituting policy defenses which will be alleged with more particularity pending discovery with respect to those defenses.

## NINTH AFFIRMATIVE DEFENSE

Recovery against Gerling is barred pursuant to the property damage definition, completed operations definition, "your work" definition, and/or other Gerling policy provisions or exclusions constituting coverage defenses which will be alleged with more particularity pending discovery with respect to those defenses.

Wherefore, Defendant Gerling America Insurance Company prays for the following relief:

1. Dismissal of Plaintiff's complaint;
2. Award of Gerling's costs and attorney fees incurred in defending; and

3. Such other relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED this 9th day of March, 2006.

> HUGHES BAUMAN PFIFFNER GORSKI & SEEDORF LLC
>
> Attorneys for Defendant Gerling America Insurance Company
>
> By: /s
> Steven S. Tervooren
> Alaska Bar No. 7910085
>
> 3900 C Street, Suite 1001
> Anchorage, Alaska 99503
> 907-263-8225/907-263-8320 (fax)
> sst@hbplaw.net

244037

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served electronically on Jeffrey W. Daly this 9th day of March, 2006.

s/_____
   Steven S. Tervooren